**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TOMMY GAY, ET AL**                                                                                           **PLAINTIFFS**

**VS.**                                    **CASE NO. 1:09CV00010 JMM**

**CITY OF HEBER SPRINGS, ET AL**                                                         **DEFENDANTS**

**ORDER**

Pending is defendants' Motion to Dismiss.  For the reasons set forth below, the Motion is denied.  (Docket # 5).

Plaintiffs filed their complaint on February 20, 2009, contending that defendants acted in concert to delay and deny the issuance of four sign permits to which the plaintiffs were lawfully entitled in violation of 42 U.S.C. § 1983 and that defendants intentionally interfered with plaintiffs' business expectancy in violation of state law.

Defendants bring this Motion to Dismiss the City of Heber Springs Planning and Zoning Commission ("Commission") contending that the Commission is not a legal entity and, as such, cannot be sued under § 1983.

Defendants rely on *Monell v. Dept. of Social Services*, 436 U.S. 658,  98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and  *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir.1992), to support the proposition that the Commission is a division of the city government and not a separate juridical entity which can be sued.   While *Monell* held that municipal corporations or other bodies politic could be persons for the purposes of liability under § 1983, *see Monell* 435 U.S. at 691, 98 S.Ct. at 2035, *Ketchum* held that police departments and paramedic services were simply departments or subdivisions of the city governments, and not suable entities." *Id*. at 82; *but see Tilson v. Forrest City Police Dep't,* 28 F.3d 802, 807 (8th Cir. 1994) (setting out what civil rights

plaintiff must show for police department to be liable for constitutional violations).

Plaintiffs contend that the Commission is a suable entity based upon Arkansas Statute Annotated § 14-56-404 which gives municipalities the authority to create planning commissions which function in an administrative capacity. Moreover, plaintiffs point to Arkansas cases where planning commissions of Arkansas cities have been subject to suit. *See Richardson v. City of Little Rock Planning Commission*, 295 Ark. 189, 747 S.W.2d 116 (1988); *Stromwall v. City of Springdale Planning Commission*, 350 Ark. 281 (2002); *Cleatus Wiles d/b/a Outdoor Advertising v. City of Highland Planning Commission Board of Adjustment,* 2004 WL 2457857 (Ark. App. 2004) (*unpublished*).

The Court notes that while none of these cases involved a § 1983 complaint, the case of *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475 (8th Cir. 1998) involved a plaintiff who specifically sued the City of Fort Smith and that city's planning commission in federal court.

Whether an entity has the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). Arkansas and federal courts have allowed Arkansas planning commission boards to be sued. Moreover, Arkansas Code Annotated § 14-56-425 states that actions taken by planning commissions may be appealed to circuit courts which results in their being a suable entity. Because planning commissions may be sued, the Court will deny defendants' motion.

IT IS SO ORDERED THIS  26  day of  June , 2009.

_____
James M. Moody
United States District Judge